**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**ANTONIO MAOTA FOMAI LEOSO, Defendant**

High Court of American Samoa
Trial Division

CR No. 26-93
December 29, 1993

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate
Judge, and BETHAM, Associate Judge.

Counsel:     For Plaintiff, Fainu'ulelei L.F. Ala'ilima-Utu,
             Assistant Attorney General
             For Defendant, William H. Reardon

Order Denying Motion to Suppress Evidence:

On October 1, 1993, defendant filed his motion to suppress evidence
obtained during the execution of a search warrant issued by the district

court judge on July 20, 1993. A hearing on this motion was held on November 15, 1993.

■ In deciding whether to issue a search warrant based on a confidential informant's information, a magistrate makes "a practical, common-sense decision" whether all the circumstances set forth in the supporting affidavit provide a "substantial basis" that probable cause exists. *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983); *Massachusetts v. Upton*, 466 U.S. 727, 732-33 (1984); *American Samoa Govt. v. Lam Yuen*, 13 A.S.R.2d 49, 51 (Trial Div. 1989). A finding of probable cause is to be given "great deference" on review, because of the "strong preference" that, under the Fourth Amendment to the U.S. Constitution, police conduct searches pursuant to a warrant. *Gates*, 462 U.S. at 236; *Upton*, 466 U.S. at 733. The wording of the Fourth Amendment is repeated verbatim in the first sentence of Article I, section 5 of the Revised Constitution of American Samoa.

■ In determining probable cause, a "totality of circumstances" approach is used. A confidential informant's "veracity" or "reliability" and his "basis of knowledge" are weighed as two elements in the "totality of circumstances" analysis but not as two independent tests which must be separately satisfied. As such, "a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." *Gates*, 462 U.S. at 233. Thus, information given by a highly reliable informant can support probable cause, even if he fails to thoroughly set forth the basis for his knowledge. Likewise, information given by an informant with questionable motives can be sufficient if he gives a detailed description based on a claimed first-hand observation. *Id.*

■ Furthermore, an otherwise insufficient statement by an informant can support the issuance of a search warrant if the police have corroborating evidence. *Id.* at 241-42, 76 L. Ed. 2d at 550; *Lam Yuen*, 13 A.S.R.2d at 50. Contrary to the defense position in this case and in *Lam Yuen*, though, corroborating evidence is not necessary if the informant's credibility and basis of knowledge are sufficient. *See Lam Yuen*, 13 A.S.R.2d at 50-51 (citing *Upton*, 466 U.S. at 730-31, 80 L. Ed. 2d at 725-26).

■ Applying the "totality of circumstances" analysis, the search warrant executed against defendant and his family was supported by sufficient evidence. In his affidavit, the police officer stated that he knew the confidential informant, who was knowledgeable about marijuana and had

provided, on two occasions in the past, accurate information leading to arrests for felony narcotic offenses and seizure of narcotic paraphernalia. The informant said his knowledge was based on observations during several personal visits to defendant's residence over a period of some three years, beginning in 1990. In October 1991, the informant visited defendant's residence and saw 30 to 40 marijuana plants growing within the boundaries of a 15-foot high, wooden fence attached to back of the house and covered with a black fishing net. He also purchased four bags of suspected marijuana for $100. The police tested samples from this purchase, which proved positive for THC (the active ingredient in marijuana). During the last visit, in June 1993, the informant stated that he saw defendant and his family selling marijuana and observed about 40 marijuana plants growing in the same fenced-off area. The informant also described the sales procedure in detail. As for the timeliness of the facts supporting the search warrant, determining "whether information is too stale to establish probable cause depends on the nature of the criminal activity, the length of the activity, and the nature of the property to be seized." *United States v. Shomo*, 786 F.2d 981, 984 (10th Cir. 1986). Here, the criminal activity was ongoing, and the marijuana was being cultivated rather than merely possessed or distributed. This information, as a whole, constituted probable cause for issuance of the search warrant.

A defendant challenging the validity of a search warrant must overcome the deference which is to be given to a magistrate's finding of probable cause. The defendant has failed to show that the district court judge's finding of probable cause lacked a sufficient basis in the evidence. Therefore, defendant's motion to suppress evidence is denied.

It is so ordered.